IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MACARIO GUZMAN GUERRA, )
        Petitioner, )
)
v. ) No. 3:09-CV-2272-P
)
RICK THALER, Director, Texas )
Dept. Of Criminal Justice, Correctional )
Institutions Division, )
        Respondent. )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of the TDCJ-CID.

**II. Background**

On May 19, 2005, Petitioner was convicted of aggravated robbery and sentenced to thirty-five years imprisonment. *State v. Guerra*, No. 2-04-471 (382nd Jud. Dist. Ct., Rockwall County, Tex., May 19, 2005). Petitioner did not file a direct appeal.

On June 22, 2006, Petitioner filed a state writ of habeas corpus, which was denied without written order on August 30, 2006. *Ex parte Guerra*, Application No. 65,513-01. On

August 12, 2009, Petitioner filed a second state habeas corpus petition, which was denied as a subsequent application on October 7, 2009. *Ex parte Guerra*, Application No. 65-513-02.

On November 30, 2009, Petitioner filed this federal petition for habeas corpus. Petitioner argues:

    (1)    his counsel provided ineffective assistance because counsel:

        (a)    allowed Petitioner to enter a guilty plea while under the influence of drugs;

        (b)    failed to investigate or call witnesses regarding Petitioner's mental illness;

    (2)    the trial court erred in not holding a competency hearing;

    (3)    the trial court erred in accepting Petitioner's guilty plea by:

        (a)    accepting the guilty plea while Petitioner was mentally incompetent;

        (b)    accepting a plea not freely and voluntarily made;

        (c)    not inquiring into the mental state of Petitioner before accepting his guilty plea;

        (d)    finding the Petitioner mentally competent without a competency hearing; and

    (4)    he is actually innocent.

On May 28, 2010, Respondent filed a preliminary response arguing the petition is time-barred. The Court now finds the petition should be dismissed as barred by limitations.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal *habeas* proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

Petitioner did not file a direct appeal. His conviction therefore became final on June 20,

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

2005, which was thirty days after he was sentenced.[2]  Petitioner then had one year, or until June 20, 2006, to file his federal habeas petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28 U.S.C. § 2244 (d)(2).  On June 22, 2006, and August 12, 2009, Petitioner filed state petitions for habeas relief. However, these petitions were filed after the one-year limitation period had expired and, therefore, did not toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

**B.     Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling as a result of his mental incompetency. Mental incompetency has been recognized by the Fifth Circuit as a possible reason

---

[2]Thirty days from May 19, 2005, is Sunday, June 19, 2005.  Pursuant to Tex. R. App. P. 4(a), the appeal was due on Monday, June 20, 2005.

to toll the statute of limitations. *Fisher*, 174 F.3d at 715. However, merely claiming mental incompetency does not automatically entitle the Petitioner to equitable tolling. *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520 at *3 (5th Cir. Jan. 3, 2001). Petitioner must "sufficiently allege facts indicating that his incompetence impeded him from asserting his legal rights." *Id.* In establishing a factual basis for equitable tolling, the Court will deem facts "related to the degree or duration of a prisoner's mental incompetence" particularly significant. *Demik v. U.S.*, No. 3:09-CV-690-O, 2009 WL 2365247 at * 2 (N.D. Tex. July 31, 2009). Furthermore, "even if such evidence exists, equitable tolling is not warranted unless the prisoner 'diligently pursue[d] federal habeas relief'." *Id.* (quoting *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002)).

Although Petitioner submitted information sheets regarding his medications, Petitioner has failed to meet his burden of establishing facts related to the degree or duration of his mental impairment. He has not stated the duration of his mental impairment, the degree of his impairment or explained how the impairment prevented him from timely filing his petition. Petitioner has not shown he is entitled to equitable tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2254.

Signed this 25th day of October, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).